UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| RANDOLL DUKE JOHNSON, JR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 1:17-cv-02608-TWP-MJD |
| JAMES HUNT, | ) | |
| Defendant. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff Randoll Johnson is an inmate at the Westville Correctional Facility ("Westville"). He brings this complaint pursuant to 42 U.S.C. § 1983 against James Hunt, a counselor at the Reception Diagnostic Center. This action was originally filed in the Northern District of Indiana, but was transferred to this District because the acts complained of took place in this District.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to

a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Johnson alleges that when he was incarcerated at the Reception Diagnostic Center, he informed Hunt of threats to his safety if he was transferred to Westville. Despite this, he was transferred to Westville and was later assaulted. All of these acts took place in 2014.

Based on the screening described above, Johnson's complaint must be dismissed because it was filed beyond the statute of limitations. Johnson's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4.

Johnson's Complaint was signed on April 17, 2017, and filed in the Northern District of Indiana on April 18, 2017, nearly than a year after the expiration of Indiana's 2-year statute of limitations, with Johnson's claims having accrued by no later than August 6, 2014, when he was allegedly assaulted. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars

the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

Because it has been filed beyond the applicable statute of limitations, Johnson's complaint is **dismissed** Johnson shall have through **September 14, 2017,** in which to show cause why this action should not be dismissed because each of the claims alleged is barred by the applicable statute of limitations.

**IT IS SO ORDERED.**

Date: 8/7/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RANDOLL DUKE JOHNSON, JR
Westville Correctional Facility
5501 South 1100 West
Westville, IN 46391